Warner, Chief Justice.
1. This was a bill filed by the complainant against the defendants, as executor and executrix of A. H. Kenan, deceased, to marshal the assets of the estate of the testator, alleging the *same to be insolvent, and praying for an injunction; and that the defendant, Sarah E. Kenan, the widow and executrix of the decedent, be enjoined from prosecuting her claim for dower out of the land of which her deceased husband died seized and possessed, at the time of his death. The defendant, Sarah E. Kenan, answered the complainant's bill, and showed cause why the injunction should not be granted restraining her from prosecuting her claim for dower. The Court, on the hearing of the motion for the injunction, granted the same, and the widow excepted to that part of the order which restrained her fiom prosecuting: her claim for her dower. The only allegation *25 made in the complainant’s bill, in bar of her right to dower, is that “said Sarah E. Kenan, widow, executrix and legatee as aforesaid, after possessing and enjoying the assets of said estate to a large amount in excess of her lawful dower, and wasting the same, by pleading and otherwise, hath made application to the Superior Court to set apart her dower in said estate.” This allegation is expressly denied by the defendant, in her answer, which was not controverted at the hearing. But, independent of the defendant’s answer, there is nothing alleged in the complainant’s bill, (considering the will of the testator as a part thereof) which, under the law of this State, would have barred the widow of her legal right to dower in the land of her deceased husband: Code, 1754. Equity is ancillary not antagonistic to the law; hence, equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable: Code, section 3028.
2. The widow of the deceased testator had the legal right to her dower in one-third part of the land of which her husband died seized and possessed, at the time of his death, unless that right was barred in the manner prescribed by the law. There being nothing alleged in the complainant’s bill which, under the law, would bar her of her dower, the Court below erred in restraining her, by injunction, from prosecuting her legal right to have it assigned to her.
Eet the judgment of the Court below be reversed.